## KEILEY v. THE ALLIANCA.

*(Circuit Court, S. D. New York.* November 15, 1890.)

SHIPPING—LIABILITY OF VESSEL FOR TORTS—SCALDING BOILER-CLEANER.

Where the master of a steam-ship employs a contractor to clean the inside of her boilers, the ship is liable for injuries suffered by the contractor's employe, while engaged in the work, by the negligent escape of steam and hot water into the boiler, whether those in charge of the steam let it escape or it was done by some meddling stranger in consequence of the negligent supervision of those in charge.

In Admiralty.

*H. Aplington,* for appellant.

*Wm. B. Tullis,* for appellee.

WALLACE, J. Grube, a minor, while at work inside one of the large boilers of the steam-ship Allianca, on August 17, 1889, was scalded by the escape of hot water and steam into the boiler, such hot water and steam coming from apparatus outside the boiler in charge and under the control of the engineer of the vessel. Grube at the time was in the employ of one Ryan, a contractor, who had been employed by the master of the steam-ship to clean the inside of the boilers. In consequence of his injuries, Grube suffered great pain, and was confined in the hospital for three months. The district court in its decree allowed him $750 damages for his injuries. It is entirely clear that the libelant is entitled to recover, and that the sum awarded him in the court below was no more than a fair compensation for his injuries. The master of the steam-ship, having employed Ryan to work inside the boiler, owed an active duty to him and his employes thus invited there to see that they were not exposed to any unnecessary hazard while there. Grube was injured by an escape of steam, which was inevitably perilous to his safety, and which would not have happened if those in charge of the steam-ship had used proper diligence in taking care of the steam apparatus under their control. It is quite immaterial whether the engineer, or any of his subordinates, let the steam escape, or whether some intermeddling stranger did so. Those in charge were bound to exercise proper supervision over the apparatus for the safety of those who might be injured by any relaxation of vigilance on their part; and if a stranger meddled with the apparatus, that circumstance implies negligent supervision by those in charge. I have no doubt, however, that the presumption is that those in charge of the steam apparatus let the steam escape, and that the burden was on the steam-ship, under the circumstances, to exonerate herself from negligence. A decree is ordered for the libelant for $750, and for the costs of the district court as taxed, with interest from the date of the decree and the costs of this court.