RAMBI V. WAGER, *Plaintiff in Error,* vs. EAST COAST HOSPITAL ASSOCIATION, a corporation, and W. E. BURNETT, *Defendants in Error.*

141 So. 743.

En Banc.

Opinion filed May 21, 1932.

Petition for rehearing denied June 20, 1932.

*C. L. McLendon,* for Plaintiff in Error;

*John H. Summerlin* and *Robert H. Anderson,* for Defendants in Error.

Per Curiam.—This action was brought under the statute, Section 7049 (4962) Comp. Gen. Laws, 1927, by the father to recover damages for the alleged wrongful death of his six months old child, the amended declaration contains allegations that

"The defendant, East Coast Hospital Association, a corporation, was operating, in the city of Saint Augustine, Saint Johns County, Florida, a Hospital, for hire. Holding such Hospital out to the public as a place of the treatment of all diseases for all persons that might see fit to place themselves therein for treatment. That the defendant, W. E. Burnett, was on the day and date set out, at the head of the Medical staff for said hospital."

That employees of the defendants

"acting in the scope of their employment, carelessly and negligently and wantonly placed upon said infant hot water bottles, containing hot water, or such other contents, unknown to plaintiff, heated to such intense heat that the said infant, was then and there burned so seriously that he was caused to die, as the result of said burns."

Damages were claimed for "mental pain and anguish" of the father, "as a result of the death of said child." There was a plea of not guilty and other pleas denying that the East Coast Hospital Association was operating a hospital for hire and that it was holding out a hospital to the public; denying that the defendant W. E. Burnett was the head of the medical staff of a hospital of the defendant East Coast Hospital Association; and denying that the infant became a patient for hire in a hospital owned or operated by the defendant East Coast Hospital Association.

At the close of the testimony adduced for the plaintiff, the Court on motion directed a verdict for the defendants which was rendered and judgment entered thereon. On writ of error the plaintiff contends that the testimony was sufficient to overcome the pleas and that the cause should have been submitted to the jury. The defendants in error insist that "because the plaintiff failed to sustain the burden of proof as to the material allegations of the declaration, the court properly directed a verdict."

The plaintiff adduced testimony that the plaintiff's minor child was taken to the hospital because of the insistance of the defendant, W. E. Burnett, a physician who attended the child at its parents' home and at the hospital; and a bill from the hospital to the plaintiff was sent through the mail for hospital services rendered while the child was in the hospital. There is also testimony that before the death of the child it was severely burned in the use of hot water bottles by the attendants in the hospital.

Under the statute if

"it be apparent * that no evidence has been submitted upon which the jury could lawfully find a verdict for the plaintiff * the judge shall upon motion * direct * a verdict for the defendant." Sec. 4363 (2696) Comp. Gen'l Laws, 1927. Sec. 10163, Acts of 1925.

"A party in moving for a directed verdict, admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence." Gunn v. City of Jacksonville, 67 Fla. 40, 64 So. 435.

See also Haile v. Mason Hotel and Inv. Co., 71 Fla. 469, 71 So. 540; Johnson v. L. & N. R. R. Co., 59 Fla. 305, 52 So. 195; Commercial Credit Co., Inc. v. Parker, 101 Fla. 928; Luster v. Geneva Mill Co., 133 So. 854.

"In determining whether error was committed in directing a verdict, due consideration should be given to

the organic right of trial by jury. Otherwise fundamental principles may be subordinated to procedure or convenience.'' Anderson v. Southern Cotton Oil Co., 73 Fla. 432, 74 So. 975.

''A case should not be taken from the jury unless the conclusion follows from the evidence as matter of law that no recovery can be lawfully had upon any view taken of facts that the evidence tends to establish.'' Jacksonville Ter. Co. vs. Smith, 67 Fla. 10, 64 So. 354.

While a physician who was called for the plaintiff, testified that in his opinion the burns did not cause the death of the infant, yet in the absence of other evidence the jury might legally have inferred that the nurses who applied the hot water bottles to the child were the agents or employees of the defendant and that the proven negligent severe burns either contributed to or hastened the death of the six months old infant; and such a finding is sustained upon due consideration of all the evidence that may properly be presented in the cause, would accord with the right to recover appropriate damages given by the statute, which does not limit the parent's right of action to cases where the negligence of the defendant is the sole cause of the death of a minor child. It was error to direct a verdict for the defendants. See Jones v. Gen. Accident Fire & Life Assurance Corp., 103 Fla. 787, 137 So. 889.

Reversed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.

BROWN, J., not participating.