FANNIE RIVERS, *Plaintiff in Error,* vs. CITY OF GAINESVILLE, a Municipal Corporation under the laws of the State of Florida, *Defendant in Error.*

143 So. 235.
Division A.
Opinion filed July 23, 1932.
Opinion rehearing filed November 4, 1932.

*Fred J. Hampton* and *B. F. Jordan,* for Plaintiff in Error;

*Baxter & Clayton,* and *W. B. Watson, Jr.,* for Defendant in Error.

BUFORD, C.J.—In this case Fannie Rivers, a widow, sued the City of Gainesville for damages occasioned by the wrongful death of her husband. The proof was that the City of Gainesville was engaged in generating for sale electric current. That in the production of this current it used certain boilers; that the husband of plaintiff, Thomas Rivers, was employed by the City to work in and about the boilers; that his duties required him to clean and repair the boilers; that while he was in one of the boilers at work hot steam was turned into the boiler by a fireman also employed by the defendant; that by the turning in of the hot steam into the boiler Thomas Rivers was scalded and burned to the extent that he died from the effects thereof.

It is shown that the boilers were connected up so that the steam line could be cut off so as to disconnect any boiler in which work was being done so as to make such boiler a safe place in which to work. The cock used to turn the steam line off and on, which steam line connected the steam with the boiler in which Rivers was working, was found turned on immediately after the accident occurred. There appears to have been no defect in the cock. It was the duty of the fireman or other person handling the steam to ascertain whether or not any person was at work in any boiler before turning on the steam to such boiler. If the fireman had performed this duty he would necessarily have found Rivers at work in the boiler and would not have turned on the steam unless he intended to kill Rivers. If he had found Rivers in the boiler it then would have become his duty to cut off the steam line entering that boiler so that the steam could not enter the boiler when turned on.

This case clearly falls within the purview of section 4971 R. G. S., 7058 C. G. L., et seq., and especially under section 4973 R. G. S., 7060 C. G. L. The plaintiff made

out a prima facie case under the pleadings The case nearest in point to the one which we have under consideration, of any of those which we have found, is that of Keiley vs. The Allianca, 44 Fed. 97. The headnote is:

"Where the master of a steamship employs a contractor to clean the inside of her boilers, the ship is liable for injuries suffered by the contractor's employee, while engaged in the work, by the negligent escape of steam and hot water into the boiler, whether those in charge of the steam let it escape or it was done by some meddling stranger in consequence of the negligent supervision of those in charge."

The appellee here contends that there is a probability that Rivers left the steam cock open when he went into the boiler for the purpose of letting out water and sediment which was in the boiler. This assumption is met by the proof that another employee had just come out of the boiler when Rivers went into it and that he, this other employee, found no water or sediment in the boiler when he went into it or when he came out.

It is immaterial, however, who left the steam cock open. It was the duty of the fireman to know that no person was in the boiler before he turned the steam into the line and if he failed to perform this duty his failure was chargeable to his principal, the defendant. It would be preposterous for one to claim that he looked into a boiler where a workman was then at work mending the boiler and did not observe the presence of the workman there.

The instructed verdict in favor of the defendant was erroneous. The judgment should be reversed and a new trial awarded. It is so ordered.

Reversed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.

ELLIS, J.—I think the case of G. F. & A. vs. King, 73 Fla. 325, 74 S. R. 475, is in point on the construction of Sec. 7060 C. G. L. as to fellow servant doctrine. If Cox, the engineer, Ballentine and Rivers were engaged jointly in the act causing the injury, viz., cleaning out boiler No. 4, it is difficult to understand on what principle Rivers could recover.

BUFORD, C.J., concurs.

---

ON REHEARING.

PER CURIAM.—A rehearing having been granted in this cause and the Court having further considered the record herein after the filing of additional briefs and after oral argument by counsel for the respective parties, and the Court being now fully advised in the premises it is considered, ordered and adjudged by the Court that the Opinion filed in this cause on July 23, 1932, be adhered to and that the judgment of the Circuit Court be and the same is hereby reversed after rehearing and reargument.

BUFORD, C.J., AND WHITFIELD, ELLIS, BROWN AND DAVIS, J.J., concur.

TERRELL, J., not participating.