FANNIE RIVERS, a widow, v. CITY OF GAINESVILLE.
155 So. 844.
Opinion Filed June 23, 1934.

*Hampton, Jordan & Lazonby,* for Plaintiff in Error;
*E. G. Baxter, E. A. Clayton* and *W. B. Watson, Jr.,* for Defendant in Error.

PER CURIAM.—For former decisions in this cause see Rivers v. City of Gainesville, 106 Fla. 267, 143 So. 235; 107 Fla. 774, 144 So. 481.

At the close of the plaintiff's evidence, and on motion, the Court directed a verdict for the defendant upon which judgment was rendered. The plaintiff took writ of error.

The statute provides that "Upon the trial of all cases in the several courts of this State * * * if, after all the evidence shall have been submitted on behalf of the plaintiff in any civil case, * * * it is apparent to the judge * * * that no evidence has been submitted upon which the jury could lawfully find a verdict for the palintiff in such civil case * * * the judge shall upon motion of the defendant direct the jury to find a verdict for the defendant."

The evidence has been considered but it is not necessary to state it or to discuss its legal effect.

It cannot be said as matter of law that there was no evidence submitted upon which the jury could have lawfully found a verdict for the plaintiff; therefore, the issues made by the pleadings should have been submitted to the jury upon proper charges as to the applicable law.

"A party moving for a directed verdict, admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence. Gunn v. City of Jacksonville, 67 Fla. 40, 64 So. 435, H. N. 3.

See also German American Lumber Co. v. Brock, 55 Fla. 577, 46 So. 740; Gravette v. Turner, 77 Fla. 311, 81 So. 476; Wager v. East Coast Hospital Ass'n, 105 Fla. 547, 141 So. 743; Wolf v. City of Miami, 103 Fla. 774, 137 So. 892.

Reversed.

604

Davis, C. J., and Whitfield, Terrell, Brown and Buford, J. J., concur.