167 So.2d 256 (1964)
George L. LYLE, Jr., Appellant,
v.
Johnnie M. LYLE, Appellee.
No. 4554.
District Court of Appeal of Florida. Second District.
September 2, 1964.
Rehearing Denied September 28, 1964.
Walter W. Manley, Lakeland, for appellant.
Tomasello & Campbell, Bartow, for appellee.
SAMPLE, WALLACE, Associate Judge.
This cause is reversed and remanded solely on the question of the attorney fee allowed the wife's attorney. We are not concerned with the amount of the fee, but with the manner in which it was awarded. The appellant lays much stress on the need for expert testimony in addition to the statement made by the wife's attorney and we agree with his contention.
*257 To put the question in its proper perspective we quote directly from a statement by the late Justice Glenn Terrell in Baruch v. Giblin, 122 Fla. 59, 164 So. 831:
"There is but little analogy between the elements that control the determination of a lawyer's fee and those which determine the compensation of skilled craftsmen in other fields. Lawyers are officers of the court. The court is an instrument of society for the administration of justice. Justice should be administered economically, efficiently, and expeditiously. The attorney's fee is, therefore, a very important factor in the administration of justice, and if it is not determined with proper relation to that fact it results in a species of social malpractice that undermines the confidence of the public in the bench and bar. It does more than that; it brings the court into disrepute and destroys its power to perform adequately the function of its creation". (emphasis added)
Nothing tends to quicken the pulse of the members of the bar faster than a good discussion on fees. Such discussions generally are spirited and lively, direct and to the point, and preponderate on the positive side rather than the negative. Lawyers can disagree on almost any subject to be mentioned but on the question of fees they usually stand united. Few lawyers practice law for pleasure; very few can afford to, and the subject of fees is rightfully of universal interest to the bar but the subject is often neglected and taken for granted despite its importance to those who earn their daily living in court.
In all litigation involving professional fees proof is required of the nature of, and the necessity for, the services rendered, and the reasonableness of the charge made therefor. In this respect the legal profession stands on the same plane with other professions.
As between a lawyer and his client the matter of the fee is one of contract between the two, but a fee to be allowed by the court is something else and must be proved as any other fact, and determined and allowed by the court in its judicial discretion. The reasonableness of the attorney's fee is not the subject of judicial notice, neither is it to be left to local custom, conjecture or guesswork. Each award must be made on its own merits and should be justified by the circumstances in each particular case.
To those lawyers whose practice brings to them more than an occasional suit in which the fee is set by the court, the routine of giving testimony detailing the services and the proving of the value of the services may seem tedious, monotonous or even distasteful. Certainly the hearing of such proof by the trial judge day after day, week after week, may become a routine humdrum which does little, if anything, to add interest to the proceedings. However the parties to the suit, having their day in court, cannot be ignored; such testimony is not routine to them. Neither can the elementary rules of evidence be ignored. Trial judges are not so busy they cannot take time to hear such evidence; lawyers who treat such evidence lightly defeat their own purpose; and such evidence, while it is persuasive only, must be adduced else the court is without authority to make any award since the award must be based on competent evidence. Aside from the principle that the value of personal services is proven by expert witnesses, the self-serving nature of the testimony given by the attorney who performs the services precludes the court from making an award based solely on his testimony. The evidence in this cause is insufficient to meet the foregoing requirements. The award of attorney's fees is reversed.
Other questions raised by appellant have been considered by the court and found to not justify reversal thereon, therefore the *258 final decree is affirmed except as herein stated.
The motion by appellee for an award of attorney's fee on appeal is denied.
Affirmed in part, reversed in part and remanded.
SMITH, C.J., and WHITE, J., concur.