179 So.2d 420 (1965)
Richard Emil THONI, Jr., Appellant,
v.
Marine Parrish THONI, Appellee.
No. 65-492.
District Court of Appeal of Florida. Third District.
October 26, 1965.
*421 L.J. Cushman and John W. Prunty, Miami, for appellant.
Guilmartin & Bartel, Miami, for appellee.
Before TILLMAN PEARSON, CARROLL and SWANN, JJ.
SWANN, Judge.
The appellant, defendant-husband below, takes this interlocutory appeal from an order awarding temporary attorney's fees in a divorce proceeding. At the time of the hearing, this suit had been pending for over two years and awards of $1,500.00 and $3,500.00 had been awarded as temporary attorney fees. On February 24, 1965, almost two years since attorney fees were last applied for and granted, the appellee filed her motion for additional temporary attorney fees. This motion came on for hearing on March 9, 1965, at which time the chancellor heard argument of counsel and received three affidavits of local attorneys who were not present in the courtroom. The affidavits stated that a reasonable fee for services of plaintiff's counsel would be $6,000.00, $6,500.00 and $7,000.00. No testimony was offered or taken and the defendant objected to the use of these affidavits. The court specifically deferred ruling on the application for temporary attorney fees, but did allow $1,000.00 costs pending final hearing.
The appellee-wife renewed her application for temporary attorney fees on March 31, 1965, wherein the chancellor awarded her the sum of $2,500.00 as temporary attorney fees without any further hearing and without any additional information. The attorney for appellee-wife showed that one hundred seventy-five hours of time had been spent since the last award and that an additional amount of work would be needed in order to prepare the case for trial. The order of April 7, 1965, entered following the March 31st hearing awarding $2,500.00 as temporary attorney fees, is the subject of this interlocutory appeal.
The order allowing temporary attorney fees provided in part as follows:
"THIS CAUSE having come on before the Court upon the application of plaintiff for temporary attorneys' fees, and the Court having reviewed the affidavits on file herein, to which no opposing affidavits have been filed, having reviewed the file in this cause, having heard argument of counsel, and being fully advised in the premises, it is thereupon"
* * * * * *
The sole issue involved herein is the propriety of awarding additional temporary attorney's fees, in a divorce case, based on affidavits and argument of counsel, without the taking of any testimony. Both parties earnestly and vigorously defend their respective position.
The trial court had previously awarded $5,000.00 as temporary attorney fees. To allow an additional $2,500.00 on the basis of affidavits, precludes the opposition from its time-honored right of cross-examination and amounts to an abuse of discretion.
We quote, with approval, the language of the court in Lyle v. Lyle, Fla. App. 1964, 167 So.2d 256, wherein it was stated:
* * * * * *
"In all litigation involving professional fees proof is required of the nature of, and the necessity for, the services rendered, and the reasonableness of the charge made therefor. In this respect the legal profession stands on the same plane with other professions.
"As between a lawyer and his client the matter of the fee is one of contract between the two, but a fee to be allowed by the court is something else *422 and must be proved as any other fact, and determined and allowed by the court in its judicial discretion. The reasonableness of the attorney's fee is not the subject of judicial notice, neither is it to be left to local custom, conjecture or guesswork. Each award must be made on its own merits and should be justified by the circumstances in each particular case.
"To those lawyers whose practice brings to them more than an occasional suit in which the fee is set by the court, the routine of giving testimony detailing the services and the proving of the value of the services may seem tedious, monotonous or even distasteful. Certainly the hearing of such proof by the trial judge day after day, week after week, may become a routine humdrum which does little, if anything, to add interest to the proceedings. However the parties to the suit, having their day in court, cannot be ignored; such testimony is not routine to them. Neither can the elementary rules of evidence be ignored. Trial judges are not so busy they cannot take time to hear such evidence; lawyers who treat such evidence lightly defeat their own purpose; and such evidence, while it is persuasive only, must be adduced else the court is without authority to make any award since the award must be based on competent evidence. Aside from the principle that the value of personal services is proven by expert witnesses, the self-serving nature of the testimony given by the attorney who performs the services precludes the court from making an award based solely on his testimony. The evidence in this cause is insufficient to meet the foregoing requirements. The award of attorney's fees is reversed."
* * * * * *
For the reasons stated the order awarding additional temporary attorney fees is reversed and remanded.
It is so ordered.