JOHNSON, Judge.
This is an appeal from a final judgment of the Circuit Court in and for Jefferson County, Florida, based upon a jury verdict. Honorable Ben C. Willis was the trial judge.
Briefly stated, the facts as gleaned from the record before us, are: the appellee, Jack N. Holcomb is President of the appel-lee, Solar Research Corporation, and the appellee Dorothy Jean Holcomb, is Secretary of Solar Research Corporation. The pleadings in this cause were signed “Solar Research Corporation . by Jack N. Holcomb, President, Attest Dorothy Jean Holcomb, Secretary” and by Jack N. Holcomb and Dorothy Jean Holcomb, individually. Mr. Holcomb also made oral argument before this court in behalf of Solar Research and himself and, his wife, Dorothy Jean Holcomb, being present at the hearing, merely stated that what Jack N. Holcomb had said was affirmed by her as her argument, or something to that effect. The ' appellees were not represented by counsel at the trial of this cause before the lower court, either. Mr. Holcomb is not an attorney at law, but it is evident that he has learned from experience or study, a great deal about law and court room procedure.
It appears that a mortgage foreclosure proceedings had been filed against Mr. Holcomb and his wife and his corporation, Solar Research Corporation, and service perfected. An attorney of Tallahassee, Mr. Grant Peeples, being unable to represent the defendants in the foreclosure proceedings, referred Mr. Holcomb to Mr. Rivers Buford, also a member of the Tallahassee Bar, and contact made between Mr. Holcomb and Mr. Buford, relative to the defense of the foreclosure. Prior to any actual defense being prepared or filed in said cause, for some reason which is not made clear, it was decided by Mr. Holcomb that additional counsel was desirable to have in his defense. As a result thereof, Mr. Holcomb and Mr. Buford called on Mr. Leo Foster, also an attorney at Tallahassee, who was. and is a member of the law firm of Parker, Foster and Madigan, and after a discussion of the facts, the merits and demerits, and possible contingencies that might arise in the course of the defense of the foreclosure, Mr. Foster was employed by Mr. Holcomb. It was undisputed, also, that Mr. Foster would not accept the case unless Mr. Buford remained in the case as associate counsel.
Mr. Foster and Mr. Buford did handle the defense in the foreclosure proceedings, purporting to represent all three of the ap-pellees, and as a result thereof, were successful in said defense.
Mr. Foster, and Mr. Buford contend that at the time of the employment of Mr. Foster, while in Mr. Foster’s office, that an agreement was reached whereby Mr. Foster would be paid a fee of $5,000.00 and Mr. Buford a fee of $2,500.00.
Sometime after the conclusion of the foreclosure suit, both Mr. Foster and Mr. Buford submitted bills to Mr. Holcomb for their respective fees of $5,000.00 and $2,- *273 500.00. In the case of Mr. Buford, Mr. Holcomb wrote him a letter explaining why the delay in paying his bill, but did not raise any question as to the amount thereof. The record does not disclose any evidence as to why Mr. Foster’s bill was not paid; nor was there any objection made, that we know of, by Mr. Holcomb nor anyone purporting to represent him or either of the other appellees, as to the amount of Mr. Foster’s bill, until his answer was filed in the suit brought to collect the same.
In all of the discussions relative to the employment of counsel and the defense of the foreclosure, the question was not raised as to whether the employment was made in behalf of the corporate defendant or the individual defendants, or all of the defendants, but it is apparent that the parties, for all practical purposes considered the three defendants as one entity in the discussions as to fees, representations and defenses to be made.
As pointed out supra, from the letter appearing in the record, from Jack N. Holcomb, written on stationery carrying the letterhead of Solar Research Corporation, and signed by Jack N. Holcomb, President, addressed to Mr. Rivers Buford, in response to Mr. Buford’s apparent second request for payment of his fee, by not objecting to the amount of such bill as being incorrect, Mr. Holcomb was indirectly acknowledging the correctness thereof.
At the trial of the cause, Mr. Foster and Mr. Buford testified substantially to the foregoing. Mr. Holcomb testified that there was an oral agreement to employ Mr. Foster and Mr. Buford, but that the fee arrangement was based upon certain things which Mr. Foster said would have to be done to successfully defend the suit, and that in the event of such contingencies, Mr. Foster’s fee would be $5,000.00. He contended that the agreement was that such fee would not exceed $5,000.00.
Mr. Foster’s contention was that in the discussion about the defense possible contingencies were discussed but that his fee was a flat $5,000.00 — win, lose or draw.
Motions for summary judgment were filed by Mr. Foster and Mr. Buford, and based upon the pleadings, admissions, affidavits, and documents on file, and after oral argument by counsel for the appellants and by Mr. Holcomb as to the appellees, the trial court found that there was no genuine issue of any material fact on the issue of liability under Count I of each of the complaints. That there was no material issue but that the plaintiffs (Foster and Buford) were employed by the defendants to perform certain legal services in connection with the foreclosure suit, but that there was a genuine issue as to the terms of the oral contract relating to the amount of compensation to be paid. Consequently, he granted the motions in part and denied the same in part, and permitted the case to be tried before the jury on the issue of amount of the respective fees.
Mrs. Holcomb testified in behalf of the appellees, but her testimony did not relate to the question of the attorney fees. Mr. Holcomb was the only other witness to testify for the appellees. In his testimony he admitted that he and his wife were the sole owners of all the stock of Solar Research Corporation. He reiterated his contention that his agreement with Mr. Foster and Mr. Buford was that the fees would not exceed $5,000.00 and $2,500.00 respectively. He also attempted to show the nature and amount of work done by him and that done by the attorneys, but at no time was there a suggestion by him, nor did he offer any evidence from any other witness or source, as to what was a reasonable fee under the circumstances of this case.
At the close of the testimony, both appellants made motions for directed verdicts. The court reserved ruling upon the motions, but expressly stated that he might grant the same, notwithstanding a jury verdict. He also expressed, in the record, his concern over the fact that the defendants had offered no evidence of reasonable *274 fees, upon which the jury could take action, but nevertheless let the case go to the jury. At no point in his testimony did Mr. Holcomb actually say that the fees claimed by the appellants were unreasonable.
The jury returned verdicts in the amount of $1600.00 for appellants, Parker, Foster and Madigan and $1600.00 for Rivers Buford.
Immediately thereafter motions for judgment non obstante veredicto were filed, among the grounds for which were: the verdict was contrary to the competent substantial evidence and that there was no evidence upon which the said verdict could have been based. These motions were denied, hence this appeal.
It is apparent that there was some mental reservation in the mind of the trial court as to whether or not a verdict for the appellants should have been granted at the close of the testimony. We have reviewed this record, the affidavits in connection with the motions for summary judgment and the testimony submitted by the respective parties and we are of the opinion, and so hold, that the trial court should have directed a verdict for the appellants on the ground that there was insufficient evidence to support a contrary verdict by a jury. We also further find that the trial court further erred in not granting the motions for judgment notwithstanding the verdict. The preponderance of the evidence was to the effect that there were agreed fees. There was sufficient admissions, by the appellee Holcomb of the discussion and agreement of the amounts of the fees to offset any very weak contention that said fees were to be paid only if certain things had to be done.
There are things which properly become factors to be taken into consideration by an attorney in fixing his fee. The work-knowledge of an attorney is a very technical matter and its value to a client can, in most instances, be more properly evaluated and assessed by a court, who has had personal experiences in these matters, than by a lay man jury. Therefore, the trial court is in a better position to act upon the reasonableness of the evidence and accredit the proper preponderance thereof and in the case sub judice, we think he should have and in so doing, have granted the motions for directed verdict, or certainly the motions for judgment notwithstanding the verdict. By adopting this opinion, we do not feel that we are substituting our judgment for that of a jury, but we are substituting our judgment for that of the trial court.
The trial court having erred, the judgments appealed from are reversed with directions to enter judgments for the appellants in accordance with the prayers of their respective complaints.
RAWLS, J., concurs.
CARROLL, DONALD K., Acting C. J., dissents.