OWEN, Judge
(dissenting):
Appellants are lawyers who brought suit in the Court of Record of Broward County against a former client, Mildred Ries, for a professional fee allegedly earned by virtue of representation of the client in a divorce case. The suit was based upon a written retainer agreement by which Mildred Ries had agreed to pay her attorneys a reasonable fee for their services. Mrs. Ries filed an affirmative defense of res judicata, alleging that in the divorce proceedings the circuit court had made a determination of the amount of a reasonable fee for the attorneys’ services and had awarded the attorneys a judgment for such amount against appellee’s former husband. These allegations being supported by certified copies of the circuit court proceedings, the trial court determined that the issue had been adjudicated and entered summary final judgment in favor of appellee.
In my opinion this was error. In a divorce proceeding the circuit court has statutory jurisdiction to determine the amount of attorneys’ fees, if any, which the husband must pay to the wife’s attorneys, and the amount is discretionary as appears equitable from the circumstances of the parties and the nature of the case. F.S. 1967, Section 61.08, F.S.A. The court’s jurisdiction does not extend, however, to determine the amount of the fee which the wife must pay her attorney in the divorce action. Banfi v. Banfi, Fla.App.1960, 123 So.2d 52. A determination by the circuit court as to reasonable fees to be awarded the wife’s attorneys in a - divorce case *569 does not necessarily put at rest the reasonableness of a fee as between the attorneys and their client on a contractual basis. See Solar Research Corp. v. Parker, Fla. 1969, 221 So.2d 138; Lyle v. Lyle, Fla. App.1964, 167 So.2d 256.