PER CURIAM.
Modern Wood Industries, Inc., defendant below, appeals from an allowance of attorneys’ fee to Central Bank and Trust Company that was included in a judgment entered in a garnishment proceeding.
Dixie Plywood Company of Miami, Inc., herein referred to as Dixie, obtained a judgment against the defendant Modern Wood and thereafter obtained a writ of garnishment against Prestige Building Corp. Prior to judgment in the garnishment proceeding Central Bank and Trust Company moved to intervene therein, alleging it held a perfected security interest against Modern Wood constituting a claim against the garnished accounts receivable of Modern Wood superi- *442 or to the claim thereon of the plaintiff-gar-nishor Dixie. Accompanying the motion was an affidavit of an officer of the bank in which it was stated Modern Wood was in default to the bank on three loans aggregating $71,000.00.
On September 15, 1977, the garnishee answered, averring it was indebted to Modern Wood in the amount of $8,000.00. On the same date, final judgment in favor of the garnishor was entered, without prior notice to the bank. On October 4, 1977, the bank, after learning of such judgment, filed a motion seeking to restrain enforcement of the garnishment judgment and to set it aside. The court entered an order permitting the bank to intervene, and setting aside the judgment. The order directed the garnishee to deposit the said sum of $8,000.00 into an agreed upon interest bearing account, to be so held subject to further order of the court, and made provision for a later trial to determine the bank’s claim of priority over Dixie in the garnishment fund.
Thereafter, instead of contesting the priority question, the plaintiff Dixie and the bank stipulated to divide the garnishment fund, $3,000.00 to Dixie and $5,000.00 to the bank. Based thereon, the court entered judgment in the garnishment proceeding, directing the depository of the fund to disburse $3,000.00 thereof plus the accrued interest to the plaintiff Dixie, and to disburse the balance of $5,000.00 thereof to the in-tervenor-bank.
In that judgment the court awarded $2,000.00 to the bank for the services of its attorneys, and directed that such attorneys’ fee allowance be paid out of the bank’s share of the garnishment proceeds, and the order provided that because of such $2,000.00 fee being deducted from the fund the judgment debtor Modern Wood Industries, Inc. would be credited with having paid only $6,000.00, plus the interest which had accrued on the $8,000.00 fund while on deposit.
Appellant contends the allowance of the fee was error and that such error improperly resulted in appellant Modern Wood losing credit for that amount on its indebtedness to the bank. The trial court allowed the fee as being authorized by Section 679.504, Florida Statutes (1975). That statute was not applicable. The collection which the bank obtained was not acquired by or in a proceeding under that statute. Moreover, there was no testimony submitted to the court as evidentiary basis for a fee allowance. Baruch v. Giblen, 122 Fla. 59, 164 So. 831 (1936); Lyle v. Lyle, 167 So.2d 256 (Fla.2d DCA 1964); Thoni v. Thoni, 179 So.2d 420 (Fla.3d DCA 1965).
We hold it was error to award such fee and thereby to reduce the amount for which Modern Wood should have received credit, which was $3,000.00 plus the accrued interest as credit on its indebtedness to Dixie and $5,000.00 credit on its indebtedness to the bank.
Accordingly, the provisions of the order appealed from which made such fee allowance and which so reduced the amount of credit for which Modern Wood was entitled by virtue of the payments involved, are reversed.