HALL, Judge.
Appellant, a beneficiary of the estate of Gwyneth Lewis Cordiner, appeals an order awarding appellee partial administrator ad litem and attorney’s fees. Appellant contends that appellee failed to present evidence through expert witnesses as to the reasonable value of the services of the attorneys and that any award of partial fees is therefore erroneous. We disagree.
Appellee filed a verified petition requesting an award of partial attorney’s fees. The petition stated that appellee had expended 3000 hours on the case during the previous two years and explained in relative detail the services appellee had performed on behalf of the estate during that time. At the hearing on the petition, appel-lee stated that expert witnesses would be called at the final hearing on attorney’s fees to testify to the reasonableness of the fees sought during the administration of the estate.
We realize that expert testimony is required before a final award of professional fees may be made. Nivens v. Nivens, 312 So.2d 201 (Fla. 2d DCA 1975); Lyle v. Lyle, 167 So.2d 256 (Fla. 2d DCA 1964). But to require expert testimony before a partial award of fees may be made would have the effect of unnecessarily taxing estates with the costs of services of expert witnesses at each hearing on partial fees. It is at the conclusion of the administration of an estate that an expert witness, through consideration of the factors set forth in section 733.617, Florida Statutes, can render the most accurate opinion of the reasonable value of a professional’s services. Furthermore, if at the final hearing on fees it is determined that the partial award was either excessive or deficient, the final award may be adjusted accordingly. See also section 733.6175, Florida Statutes (1985) (person determined to have received compensation for services rendered an estate may be ordered to make appropriate refunds).
We find that the evidence presented by appellee at the hearing on the petition for partial award of fees was sufficient to support the trial court’s award of partial fees, particularly in light of the fact that the award was based on an hourly rate of $42. Accordingly, the order granting appellee the award of fees is affirmed.
LEHAN, A.C.J., and SANDERLIN, J., concur.