902 So.2d 288 (2005)
UNIVERSAL BEVERAGES HOLDINGS, INC., Appellant,
v.
Stewart A. MERKIN, Appellee.
No. 3D04-2238.
District Court of Appeal of Florida, Third District.
May 25, 2005.
Anthony Accetta, for appellant.
Stewart A. Merkin, Miami, for appellee.
Before COPE and CORTIÑAS, JJ., and SCHWARTZ, Senior Judge.
CORTIÑAS, Judge.
The defendant, Universal Beverages Holdings, Inc., ("Universal"), appeals from an adverse final judgment. We affirm.
On October 30, 2000, Stewart A. Merkin ("Merkin") brought suit against Universal seeking to recover attorney's fees and costs in the amount of $38,618.90 for legal services rendered by Merkin on behalf of Universal.
*289 On December 7, 2000, the trial court entered a final default judgment in favor of Merkin for $38,618.90. Universal moved to set aside the default, and on May 8, 2002, the trial court entered an order setting aside the default as it pertained to damages.
On May 19 and May 24, 2004, the trial court conducted a non-jury trial on damages. At trial, Merkin testified that he was hired by Universal in 1998 to facilitate its transition from a private company to a publicly-traded company. Merkin testified that the parties orally agreed that Universal would pay him a flat fee of $18,500 for performing the necessary due diligence to modify Universal's books and records, to merge Universal with a publicly-traded shell company, and to draft a private placement offering memorandum. Merkin testified that he performed all of his obligations arising from the parties' oral agreement. He submitted into evidence an invoice dated March 26, 1998, wherein he billed Universal $18,500 in attorney's fees and $30 in costs for a total of $18,530.
Merkin testified that he also represented Universal in the purchase of some bottling equipment, and that he submitted an invoice to Universal for those services.
Merkin testified that the parties entered into another oral flat fee agreement for $20,000 wherein Merkin was to prepare a more complicated private placement offering memorandum for a preferred stock issue. Again, Merkin testified that he performed all of his obligations arising from the parties' oral agreement. Merkin introduced a billing statement showing a balance due for all of his legal services, which totaled $38,118.90.
Merkin testified that, when he sought payment from Universal and threatened to bring suit, Universal issued him 35,000 shares of stock in exchange for his forbearance.
Merkin also introduced into evidence a collection agreement executed by Universal, Merkin, and a collection company. The agreement stated that 1) Universal owed Merkin $38,618.90, 2) Merkin had engaged the collection company to collect that debt, and 3) Universal, in turn, had engaged the collection company to collect certain outstanding debts owed to it by outside parties. The agreement further provided that, if the collection company was able to collect on the outstanding debts owed to Universal, Merkin and Universal would split the amount collected equally after the collection company took a 20% fee.
Merkin also presented the testimony of an expert witness who, after reviewing Merkin's files, testified as to the reasonableness of the flat fee agreement. The expert opined that the value of the legal work done with respect to the first placement exceeded $20,000, that the value of the work done with regards to the purchase of the bottling company was $4,000 or $5,000, and that the value of the work done with respect to the second placement was between $25,000 to $30,000.
On the other hand, Universal, through its cross-examination of Merkin, established that Merkin never provided a detailed invoice showing the number of hours he expended in his representation. Further, Universal's president denied that the parties had'a flat fee agreement, and stated that he never received a detailed invoice showing the number of hours expended. Universal's president also testified that the 35,000 shares of stock were given to Merkin as "full payment of his services at that time." Universal's president testified that, in November 2000, when Merkin was permitted by the applicable regulations to sell the shares, they were valued at $1.50 each and could have been sold for $52,500. Finally, Universal's *290 president testified that, had Merkin sold the shares, Merkin would have recouped the debt owed to him.
On July 29, 2004, the trial court entered a final judgment against Universal in the amount of $38,118.90, plus a mediation fee, and pre-judgment and post-judgment interest. Universal's appeal follows.
Universal contends that the trial court erred by awarding Merkin attorney's fees and costs where Merkin failed to introduce into evidence a detailed accounting of the services rendered and the number of hours expended. We disagree.
In Solar Research Corp. v. Parker, 221 So.2d 138 (Fla.1969), the Florida Supreme Court clarified that different legal principles apply when attorney's fees are awarded as costs and assessed against parties in litigation, rather than when attorneys fees are earned by a lawyer and owed to him by a client for legal services rendered. Solar Research, 221 So.2d at 139. Universal's argument blurs this distinction as it relies on cases addressing the assessment of attorney's fees and ignores that this case involves a fee dispute between an attorney and a client.
The matter of a fee agreement between a lawyer and his client is a question of contract. Lyle v. Lyle, 167 So.2d 256 (Fla. 2d DCA 1964). The trial court properly determined that Merkin was not legally required to provide a detailed accounting of the services rendered and the number of hours expended. Instead, he only needed to show the existence of an oral contract and its terms.
When a cause is tried without a jury, the trial judge's findings of fact are clothed with a presumption of correctness on appeal, and these findings will not be disturbed unless the appellant can demonstrate that they are clearly erroneous. Federated Dep't Stores, Inc. v. Planes, 305 So.2d 248, 248-49 (Fla. 3d DCA 1974); Hill v. Coplan Pipe & Supply Co., 296 So.2d 567 (Fla. 3d DCA 1974). The standard of review for an award of attorney's fees, whether based on contract or statute, is abuse of discretion. Thomas v. Perkins, 723 So.2d 293, 294 (Fla. 3d DCA 1998).
In the instant case, as in Solar Research, Universal and Merkin agreed that they had contracted for certain legal services, but disagreed as to the terms of the contract. The trial court, sitting as the finder of fact, was required to resolve the conflicting evidence. On the one hand, Merkin testified that he orally contracted to provide a private placement offering memorandum for a flat fee of $18,500, a subsequent more complicated private placement offering memorandum for a flat fee of $20,000, and representation in connection with the purchase of bottling equipment for $1,500. Merkin testified that he performed all of his obligations arising from these oral agreements and provided the invoices he submitted for payment. Further, as evidence that Universal acknowledged the debt, Merkin submitted the collection agreement showing Universal agreed in writing that it owed him the amount of $38,618.90 in accordance with the final default judgment. On the other hand, Universal's president denied that the parties had flat fee agreements, and stated that he never received a detailed invoice showing the services rendered and the number of hours expended. Because Merkin provided evidence that tended to show the existence of several oral flat fee agreements, Universal cannot demonstrate that the trial court's findings of fact were clearly erroneous.
Alternatively, Universal contends that even if Merkin met his burden of proving some damages, Merkin was paid in full because he accepted 35,000 shares of stock in lieu of payment. Universal further argues that Merkin should have disposed of the shares of stock given to him *291 as collateral in a commercially reasonable manner and should have satisfied the outstanding debt prior to bringing an action in court.
We find that the trial court properly considered the conflicting evidence during the non-jury trial. Universal's president testified that Universal delivered the shares of stock in lieu of payment. In contrast, Merkin testified that the shares were delivered in consideration for his forbearance. We can find no error in the trial court's resolution of this issue in favor of Merkin, especially where Universal acknowledged its debt to Merkin in a collection agreement, which was executed after Universal had delivered the shares of stock to Merkin. Here, Universal has not met its burden of showing that the trial court's findings of fact were clearly erroneous.
Based on the evidence presented at trial, we find that the trial court did not abuse its discretion in awarding attorney's fees to Merkin.
Affirmed.