305 So.2d 248 (1974)
FEDERATED DEPARTMENT STORES, INC., D/B/a Burdines, Appellant,
v.
William PLANES and Mrs. William Planes, His Wife, Appellees.
No. 74-230.
District Court of Appeal of Florida, Third District.
December 17, 1974.
Shevin, Shapo & Shevin and David A. Freedman, Miami, for appellant.
Knight, Peters, Hoeveler, Pickle, Niemoeller & Flynn and Stephen A. Stieglitz, Miami, for appellees.
Before PEARSON and NATHAN, JJ., and GREEN, ROBERT A., Jr., Associate Judge.
PER CURIAM.
This is an appeal from a final judgment in a non-jury trial entered in favor of defendants in an action for monies due and owing for the purchase of wall to wall carpeting by the defendants from the plaintiff.
The record indicates that the defendants, Mr. and Mrs. William Planes, purchased some $6,000.00 worth of carpeting from the plaintiff, Burdines, which was installed by Burdines in their home. Subsequently, the seams in the carpeting split, and upon examination, the carpeting was found to be wet. The defendants refused to pay, whereupon the plaintiff filed suit seeking to recover the monies due and owing for the carpeting. The defendants' amended counterclaim alleged breach of warranty of merchantability and sought revocation of acceptance of the carpeting pursuant to § 672.2-608, Fla. Stat. At the trial, the plaintiff contended that the moisture was seeping up into the carpeting from the concrete slab on which it was installed. The defendants contended that the carpeting was already wet at the time the plaintiff installed it. After a full hearing on the merits, the court entered judgment for the defendants and ordered that the plaintiff remove all of the subject carpeting within thirty days. This appeal ensued.
When a trial judge hears a cause without a jury as in the case sub judice, it *249 is his duty to reconcile the conflicting evidence and the appellate court is not authorized to reverse unless his findings are clearly erroneous. See 2 Fla.Jur. Appeals § 346 (1963) and cases cited therein. The judgment comes to this court clothed with a presumption of correctness, and it is the appellant's burden to make error clearly appear. Mitchell v. Morse Operations, Inc., Fla.App. 1973, 276 So.2d 248. After careful scrutiny of the record on appeal, we find there was substantial competent evidence to support the judgment, and finding no reversible error, the judgment appealed is affirmed.
Affirmed.