CORTINAS, J.
Tropical Jewelers, Inc. (“Tropical”), individuals Saul J. Waksman, Toby Waksman, Eva Rose Oziel, Szmul Waksman, and Yuda Oziel (collectively the “Guarantors”) and Bank of America, N.A. (the “Bank”) seek review of a final judgment following a bench trial. Tropical and the Guarantors also appeal the trial court’s denial of their motion for rehearing. We affirm on all points.
In 1995, Tropical, a jewelry wholesale manufacturer, executed and delivered to the Bank promissory notes totaling $840,000.00 (collectively, the “Notes”).[1] The Notes were secured by all inventory, furniture, supplies, equipment, fixtures, accounts receivable, and contract rights then owned, or thereafter acquired, by Tropical. In conjunction with the Notes, the Guarantors also executed and delivered personal guarantees to the Bank.
In the early part of 1996, the Bank notified Tropical that it would not renew the loans, and in May 1996, the Notes matured and became due and payable. Tropical, however, was unable to meet its obligations and defaulted. Prior to litigation, Tropical and the Guarantors hired counsel in an effort to resolve the default in terms favorable to Tropical and to examine their options. Despite some communication between the parties, no resolution was achieved.
The Bank eventually filed a complaint against Tropical and the Guarantors that included counts for breach of promissory note, replevin of collateral, foreclosure of security interest in fixtures and personalty, and breach of contract guaranty. At the time the lawsuit was filed, Tropical owed the bank approximately $706,000.06, plus interest. The Bank obtained a prejudgment writ of replevin and seized the collateral.
The parties entered into a turn-over agreement to facilitate the disposal of the collateral and the Bank retained a private company to inventory the seized items. The Bank also attempted to have a receiv *426 er appointed by the court, but the trial court denied the motion, noting that the parties were proceeding in accordance with their turn-over agreement. Eventually, three auctions were held, recovering approximately $316,812.17. The auctions were handled by Stampler Auctions, an auctioneer retained by the Bank.
Tropical and the Guarantors raised the defense of commercially unreasonable disposal of collateral. A counterclaim was later filed by the appellants, again asserting the commercially unreasonable disposition of collateral and seeking, in part, damages for a purported “surplus” that the Bank could have obtained had it not disposed of the collateral in a commercially unreasonable fashion. The appellants alleged that certain items, such as five faceting machines and a vault door were seized, but inexplicably, were not included in the auctions.
After summary judgment was entered in favor of the Bank in 1998 for a deficiency judgment, Tropical appealed in Tropical Jewelers, Inc. v. NationsBank, N.A., 781 So.2d 381 (Fla. 3d DCA 2000) (“Tropical I”). The case was reheard, en banc, in Tropical Jewelers, Inc. v. NationsBank, N.A., 781 So.2d 392 (Fla. 3d DCA 2000) (“Tropical II ”). The summary judgment was reversed because there existed a genuine issue of material fact as to whether the collateral was disposed of in a commercially reasonable fashion and the case was remanded. The case eventually proceeded to a bench trial and the trial court found that the Bank had disposed of the collateral in a commercially unreasonable fashion and was not entitled to a deficiency judgment. The trial court also found that the appellants failed to prove any resulting damages.
The question of commercial reasonableness is an issue of fact. Burley v. Gelco Corp., 976 So.2d 97, 100 (Fla. 5th DCA 2008); see also Tropical II, 781 So.2d at 394 (holding that disputed factual questions regarding the commercial reasonableness of the disposition of collateral was sufficient to preclude summary judgment). Moreover, “[w]hen a cause is tried without a jury, the trial judge’s findings of fact are clothed with a presumption of correctness on appeal, and these findings will not be disturbed unless the appellant can demonstrate that they are clearly erroneous.” Universal Beverages Holdings, Inc. v. Merkin, 902 So.2d 288, 290 (Fla. 3d DCA 2005) (citing Federated Dep’t Stores, Inc. v. Planes, 305 So.2d 248, 248-49 (Fla. 3d DCA 1974)). The record demonstrates that the trial court considered evidence from all parties as to the commercial reasonableness of the sale of the collateral. Harry Stampler, the president and sole shareholder of Stampler Auctions, testified that he did not know why the missing faceting machines were removed from auction, nor did he know how, or if, they were eventually liquidated. The trial court also heard evidence regarding other items that were inventoried, but not included in the auctions. In addition, the trial court considered and weighed evidence regarding Stampler Auctions’ experience in liquidation of assets and jewelry, as well as the extent of the advertising conducted in anticipation of the auctions. “When a trial judge hears a cause without a jury ... it is his duty to reconcile the conflicting evidence and the appellate court is not authorized to reverse unless his findings are clearly erroneous.” Federated, 305 So.2d at 248-49. Furthermore, “[a] factual finding is clearly erroneous when we are left with a definite and firm conviction that the trial court has made a mistake.” Seminole Tribe of Fla. v. Dep’t of Children & Families, 959 So.2d 761, 765 (Fla. 4th DCA 2007) (quoting In re Adoption of Sara J., 123 P.3d 1017, 1021 (Alaska 2005)). Based *427 upon our review of the record on appeal, we find no clear error in the findings of the trial court.
We likewise find no error in the trial court’s application of the law. “Even when based on erroneous reasoning, a conclusion or decision of a trial court will generally be affirmed if the evidence or an alternative theory supports it. However, a misconception by the trial judge of a controlling principle of law can constitute grounds for reversal.” Flagship Nat’l Bank v. Gray Distribution Sys., Inc., 485 So.2d 1336, 1340 (Fla. 3d DCA 1986) (quoting Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979)). Pursuant to section 679.507(2), Florida Statutes (1995)[2], if a “secured party either sells the collateral in the usual manner in any recognized market at the time of his sale or if he has otherwise sold in conformity with reasonable commercial practices among dealers in the type of property sold, he has sold in a commercially reasonable manner.” Given that the Bank apparently did not sell all of the collateral at its disposal, including the unaccounted-for faceting machines, and the trial court’s findings regarding the limitations in both Stampler Auctions’ experience with liquidation of jewelry and its advertising of the auctions, we find no error in the trial court’s determination that Bank had disposed of the collateral in a commercially unreasonable fashion. We affirm on all other points.
Affirmed.

. The Notes were originally issued to the Bank’s predecessors in interest, NationsBank, N.A. (South) and Intercontinental Bank, N.A.

. This statute has been renumbered and is now section 679.627, Florida Statutes (2009).