ROTHENBERG, J.
 

 Marsha R. Cohen (“the plaintiff’) appeals from a final order granting the defendants’ motion to dismiss Count I of her complaint with prejudice. Chicago Title Insurance Co. (“Chicago Title”), Lawyers Title Insurance Corp. (“Lawyers Title”), and Ticor Title Insurance Co. (“Tieor Title”) (collectively, “the defendants”) brought the motion to dismiss. On the authority of
 
 Hechtman v. Nations Title Insurance of New York,
 
 840 So.2d 993 (Fla.2003), and
 
 Winkler v. Lawyers Title Insurance Corp.,
 
 41 So.3d 414 (Fla. 3d DCA 2010), we affirm.
 

 In February 2008, the plaintiff contracted to purchase a parcel of real property in West Palm Beach. The plaintiff made two deposits with Flagler Title Company (“Fla-gler Title”), the designated escrow agent, in the amounts of $11,938.50 and $107,446.50. At the time, Flagler Title was a licensed title insurance agent, authorized to issue title insurance on behalf of all of the defendants in Florida. However, as to the plaintiffs transaction, Fla-gler Title received the deposits in its capacity as escrow agent. First American Title Insurance Co., not Flagler Title, was the designated title insurance agent that issued the title commitment involved in this transaction.
 

 In June 2008, the plaintiffs attorney sent a letter to Flagler Title demanding delivery of the deposits. Flagler Title did not respond because Roger Gamblin, Fla-gler Title’s president, stole the plaintiffs deposits (along with millions of dollars from other Flagler Title accounts) and dis
 
 *333
 
 appeared. The plaintiff served claims for a return of the deposits upon Chicago Title and Lawyers Title, underwriters for Fla-gler Title, but both parties denied liability.
 

 The plaintiff sued Flagler Title’s underwriters, Chicago Title, Lawyers Title, and Ticor Title. Count I of the complaint sought a return of the deposits pursuant to section 627.792, Florida Statutes (2008). Section 627.792 provides in relevant part: “A title insurer is liable for the defalcation, conversion, or misappropriation by a licensed title insurance agent or agency of funds held in trust by the agent or agency pursuant to s. 626.8473.” The defendants moved to dismiss Count I, arguing that the deposits were not “funds held in trust,” because Flagler Title acted solely as an escrow agent, not as a closing or title-issuing agent. Therefore, they argued, section 627.792 did not apply. The trial court granted the defendants’ motion and ordered the dismissal of Count I with prejudice. This appeal followed.
 

 In
 
 Winkler,
 
 41 So.3d at 417, this Court, citing the authority of the Florida Supreme Court, recognized that section 627.792 imputes liability to a title insurer only in the limited situation where the title insurer’s agent misappropriates trust funds, as defined by section 626.8473.
 
 See Hechtman,
 
 840 So.2d at 996 (“Not all title insurance transactions involve funds held in trust pursuant to section 626.8473, and if the funds are not held in trust pursuant to section 626.8473, we cannot impute liability to the insurer.”). Section 626.8473(1) specifically defines trust funds as funds received by a title insurance agent “from others to be subsequently disbursed by the title insurance agent in connection with real estate closing transactions involving the issuance of title insurance binders, commitments, policies of title insurance, or guarantees of title.”
 

 Without dispute, Flagler Title was a licensed title insurance agent, authorized to issue title insurance binders, commitments, policies, and guarantees on behalf of the defendants. However, it is similarly uncontested that in this case, Flagler Title received the plaintiffs deposits in its limited capacity as escrow agent, not as title-issuing or closing agent. In fact, paragraph 12 of the complaint concedes: “Pursuant to the Contract, [the plaintiff] was to make an initial deposit of $11,938.50 with Flagler Title as escrow agent, and an additional deposit within 10 days in the amount of $107,446.50.” (emphasis added). The complaint alleges that Flagler Title’s receipt of the funds was accomplished either pursuant to the Contract, or the Escrow Letter of February 20, 2008. Flagler Title is never alleged to have served as closing or title-issuing agent for the transaction. Furthermore, First American Title Insurance Co., not Flagler Title, issued the title commitment and was the designated title-issuing agent.
 

 Nevertheless, the plaintiff argues that the funds received by Flagler Title, and later misappropriated by Flagler Title’s president, were trust funds as defined by section 626.8473(1), thereby exposing the defendants to liability pursuant to section 627.792. We disagree.
 

 A similar scenario was presented in
 
 Winkler,
 
 where a title insurer obtained a final declaratory judgment finding that it was not liable, pursuant to section 627.792, for the alleged misappropriation of the purchasers’ escrow deposits held by Coastal Title Services, Inc. (“Coastal”). 41 So.3d at 415. Coastal was a licensed title insurance agent of the title insurer.
 
 Id.
 
 However, the trial court found that because Coastal was never designated as the title-issuing or closing agent, the funds it received were not funds held in trust as defined by section 626.8473, and therefore,
 
 *334
 
 section 627.792 did not impute liability to the title insurer.
 
 Id.
 
 at 417.
 

 On appeal, this Court affirmed the judgment of the trial court because its findings were amply supported by the record.
 
 Id.
 
 at 418. Specifically, this Court noted that “[a]ll of the relevant documents designated Coastal as the ‘escrow agent,’ and established that the escrow deposits were received by Coastal in its limited capacity as escrow agent for the developer, pursuant to the escrow agreement.”
 
 Id.
 
 Thus, the rule of law embodied by
 
 Winkler
 
 is that where an otherwise-licensed title insurance agent receives escrow funds for a real estate transaction in its limited capacity as escrow agent, those deposits are not trust funds, as defined by section 626.8473. And in cases where such an escrow agent misappropriates those funds, the title insurer may not be held liable by operation of section 627.792.
 

 In the instant case, accepting the facts alleged in the complaint as true,
 
 Kohl v. Blue Cross & Blue Shield of Fla., Inc.,
 
 988 So.2d 654, 658 (Fla. 4th DCA 2008), the conclusion is inescapable that Flagler Title received the plaintiffs funds in its limited capacity as escrow agent. Accordingly, we hold that the
 
 Winkler
 
 rule is applicable, the funds received by Flagler Title were not section 626.8473 trust funds, and Fla-gler Title’s liability cannot be imputed to the defendants by operation of section 627.792. We therefore affirm the trial court’s order dismissing with prejudice Count I of the plaintiffs complaint.
 

 Affirmed.