SHEPHERD, J.
This is an appeal from a final judgment rendered after a non-jury trial, awarding the appellee, Ascensores Servas S.A. (As-censores), $600,000 jointly and severally against Luis Laplana Martinez, an individual, (Laplana) and Laplana Martinez y Asociados, C.A. (Laplana Asociados) and $1,716,076.14 against Laplana Asociados for breach of contract. The trial court also awarded $1,352,100 against Laplana, personally, for breach of the duty of loyalty. We affirm the trial court’s finding of liability against Laplana and Laplana Asocia-dos, but reverse and remand for recalculation of damages awarded.
Laplana Asociados and Ascensores entered into a pre-incorporation business agreement to establish a joint venture, later known as Servas USA Elevators, LLC (Servas USA), in Florida to manufacture, sell, and maintain elevators. The pre-in-corporation business agreement arranged for a 50/50 ownership of Servas USA, with Laplana Asociados making an initial cash capital contribution of $5,000,000 within six months of inception and Ascensores providing the technology for the manufacturing, marketing, systems rationalization, and sizing of the Servas USA product line. The agreement further provided that:
If, for strategic or opportunistic reasons, and with both parties’ consent, it is decided that the full contribution of Lapla-na Martinez y Asociados, C.A. is not necessary, the parties agree that the company will pay “THE TECHNOLOGICAL PARTNER” [Ascensores] 50% of the amount of capital that was not actually contributed as compensation.
*958 After Laplana Asociados failed to meet its obligation to contribute the full $5,000,000, the parties entered into a Memorandum of Agreement on May 13, 2004, which modified the original contribution outlined in the pre-incorporation agreement. Under the modified agreement, Laplana Asociados and Laplana, in his personal capacity, would pay $600,000 to Ascensores as compensation and $800,000 to Servas USA to address cash flow issues. From Laplana’s corresponding portion of the profits, fifty percent (50%) was to be paid to Ascensores as compensation and fifty percent (50%) to Servas USA as a capital contribution, until the combined sum of $3,000,000 was reached. Furthermore, the agreement provided that if there was a breach of the modification, the obligations of the pre-incorporation business agreement, calling for the original $5,000,000 capital contribution, would govern again as a matter of law. Laplana and Laplana Asociados failed to make any of its payments under the modified agreement. Around September 2004, Servas USA ceased doing business.
Ascensores filed suit against Laplana and Laplana Asociados for judicial dissolution of Servas USA, breach of contract, breach of the duty of loyalty against La-plana for failure to perform the duties as a managing member, and for misuse of the company for personal benefits. After a non-jury trial, the trial court entered its final judgment, dissolving Servas USA, finding Laplana and Laplana Asociados liable for breach of the pre-incorporation agreement, and finding Laplana liable for breach of the duty of loyalty. In its final judgment, the trial court calculated the damages for breach of contract using the formula provided in the pre-incorporation business agreement — Ascensores was to be compensated for fifty percent (50%) of the amount Laplana and Laplana Asocia-dos failed to contribute of the $5,000,000 contribution. The trial court found Lapla-na made a contribution of $750,847.71 to Servas USA, but deducted $383,000 for improper use of company funds,[1] for a total contribution of $367,847.71. This amount, subtracted from the initial $5,000,000, yielded a total balance of $4,632,152.29, of which the trial court awarded half, for a total award of $2,316,076.14 to Ascensores for breach of the pre-incorporation business agreement.[2]
As to damages for breach of the duty of loyalty, the trial court awarded Ascensores $1,352,100 against Laplana, individually. The trial court derived this amount by awarding damages in three categories where Laplana breached his fiduciary duty. First, the trial court awarded $620,600, which equates to half the expenses Laplana improperly used for his personal benefit: one-half of $70,000 in payments Quality Elevators made to re- *959 duee the Palmetto warehouse mortgage; one-half of $30,000 in payments for Lapla-na’s LeJeune Road office, which was used by Laplana’s personal secretary for his personal affairs and for eight to twelve other companies he owned; one-half of $30,000 for salary to a person who served as Laplana’s chauffeur, gardener, and personal assistant; one-half of $48,000 paid to Laplana’s accountant; one-half of $43,200 paid to Laplana’s personal secretary; one-half of $74,000 in payments for Laplana’s Mercedes Benz; one-half of $88,000 for Laplana’s personal expenses; and one-half of $858,000 for the acquisition value of Quality Elevators. Secondly, the trial court awarded Ascensores $87,000 in expenses it incurred in completing the installation of elevators after Laplana improperly decided to have Servas USA abandon the project. Lastly, the trial court awarded $644,500 to Ascensores for expenses it incurred in its preparatory work to qualify for UL approval, pursuant to the parties’ original pre-incorporation business agreement.
“[W]hen a cause is tried without a jury, the trial judge’s findings of fact are clothed with a presumption of correctness on appeal, and these findings will not be disturbed unless the appellant can demonstrate that they are clearly erroneous.” Universal Beverages Holdings, Inc. v. Merkin, 902 So.2d 288, 290 (Fla. 3d DCA 2005) (citing Federated Dep’t Stores, Inc. v. Planes, 305 So.2d 248, 248-49 (Fla. 3d DCA 1974)). Based upon our review of the record on appeal in this case, we find no clear error in the findings of the trial court in determining liability, and conclude competent substantial evidence supports the trial court’s findings as to the valuation of damages. However, “a double recovery based on the same element of damages is prohibited.” Montage Group, Ltd. v. Athle-Tech Computer Sys., Inc., 889 So.2d 180, 199 (Fla. 2d DCA 2004); see also M & M Aircraft Servs., Inc. v. EC Tech., Inc., 911 So.2d 161, 161 (Fla. 3d DCA 2005) (holding because plaintiff, in its fraudulent inducement claim, received the full amount of its damages, any additional award of damages would have been an improper double recovery).
In this case, when the trial court determined the amount of damages owed in the breach of contract claim, the trial court found Laplana improperly used $383,000 of the company’s money for his personal use. To compensate Ascensores of this improper use, the trial court deducted the $383,000 from Laplana’s total capital contribution. In essence, the trial court awarded Ascensores a reimbursement of the money Laplana improperly used. Because Ascensores is made whole by the deduction of the $383,000 in the breach of contract claim, the trial court improperly awarded a double recovery to Ascensores by awarding one-half of the same expenses Laplana improperly used for his personal affairs in the breach of fiduciary duty claim. Thus, the awards amounting to one-half of the $70,000 in payments Quality Elevators made to reduce the Palmetto warehouse mortgage; one-half of $30,000 in payments for Lapla-na’s LeJeune Road office; one-half of the $30,000 salary to a person who served as Laplana’s chauffeur, gardener, and personal assistant; one-half of $48,000 paid to Laplana’s accountant; one-half of $43,000 paid to Laplana’s personal secretary; one-half of $74,000 in payments for Laplana’s Mercedes Benz; and one-half of $88,000 for Laplana’s personal expenses, should be vacated.
As to all other arguments raised on appeal, we conclude they lack merit and affirm. Affirmed in part, reversed in part, *960 and remanded for further proceedings in compliance herewith.

. This amount encompassed $70,000 in payments Quality Elevators made to reduce the Palmetto warehouse mortgage; $30,000 in payments for Laplana’s LeJeune Road office, used by Laplana’s personal secretary for his personal affairs and for eight to twelve other companies he owned; $30,000 for salary to a person who served as Laplana's chauffeur, gardener, and personal assistant; $48,000 paid to Laplana’s accountant; $43,000 paid to Laplana’s personal secretary; $74,000 in payments for Laplana’s Mercedes Benz; and $88,000 for Laplana’s personal expenses.

. In finding Laplana did not sign the pre-incorporation business agreement in his individual capacity, but rather signed only the modification agreement, the trial court limited Laplana's damages to $600,000-the amount of compensation Laplana agreed to pay to Ascensores in the modification agreement-of the total damages for breach of contract. Laplana Asociados was held separately liable for the remaining $1,716,076.14 in damages.