Kuntz, J.
Element Financial Corp. appeals the trial court’s final judgment in favor of appellees, where the court found that Element did not have a perfected security interest. The court first concluded that a guarantor is a debtor pursuant to section 679.3161(1)(b), Florida Statutes (2014), and therefore, that Element was required to perfect its lien in Florida within four months of the guarantor moving to this state. Next, the court concluded that the appellees were buyers in the ordinary course of business and, pursuant to the Uniform Commercial Code, section 679.320(1), Florida Statutes (2014), entitled to title free of the pre-existing security interest.
We hold that the court erred in its interpretation of both statutory provisions. First, a guarantor is not a debtor within section 679.3161(1)(b). Therefore, Element was not required to perfect its security interest within four months of the guarantor moving to Florida; rather, it was required to perfect its security interest in Florida within one year of the goods being moved into Florida. See § 679.3161(1)(c), Fla. Stat. (2014). Second, section 679.320(1) allows a buyer to take goods purchased in the ordinary course of business free of a security interest “created by the buyer’s seller.” § 679.320(1), Fla. Stat. (2014) (emphasis added). Because the appellees’ sellers did not create the security interests, that section does not apply to appellees’ purchases.
Element had a perfected security interest and the appellees took the goods subject to that perfected interest. Therefore, we reverse the court’s judgment and remand for the entry of judgment in favor of Element.
I. Background
At issue in this appeal are three Bobcat utility vehicles purchased and financed in California between August 27, 2013 and October 21, 2013. The Bobcats were sold to Inland Empire Distribution, LLC, a California limited liability company, and financed by Element Financial Corp. With each transaction, Inland signed a promissory note and security agreement, and Omri Elkadar, the managing member of Inland, signed a personal guaranty.
Elkadar moved the Bobcats to Florida shortly after the original sales to Inland. He listed them for sale in a local paper and all three Bobcats were sold by CM Global, Inc., a Nevada corporation, to Damage Services, Inc. Damage Services then sold two of the Bobcats to Marcinkoski Gradall, Inc.
The various sales are shown below:
*1254 [[Image here]]
Shortly after the second and third sales, Element located the Bobcats and attempted to enforce its security interest. Element filed this lawsuit in Florida, and less than a year after the three Bobcats had been taken to Florida, Element filed additional U.C.C. Financing Statements in both Florida and California.
After a bench trial, the trial court determined that Element’s perfected liens expired four months after the “debtor” moved to Florida and, additionally, that the appellees were purchasers in the ordinary course of business entitled to take the goods free of the perfected security interest. Element appeals,
II. Analysis
We address two issues in this appeal. First, we determine whether a guarantor is a “debtor” for purposes of section 679.3161(1)(b), Florida Statutes (2014). Second, we decide whether the appellees satisfied the requirements of section 679.320(1), in order to take the Bobcats free and clear of Element’s perfected security interest.
a. Pursuant to Section 679.3161, Florida Statutes, the Security Interest Remained Perfected for One Year After the Goods Were Moved Into Florida.
In 2001, Florida’s adoption of Article 9 of the U.C.C. was amended to include a specific section detailing the time a perfected interest expires after the debtor or secured goods are transported to a different jurisdiction. Ch. 2001-198, Laws of Fla. The relevant provision states:
(1) A security interest perfected pursuant to the law of the jurisdiction designated in s. 679.3011(1) or s. 679.3051(3) remains perfected until the earliest of:
(a) The time perfection would have ceased under the law of that jurisdiction;
(b) The expiration of 4 months after a change of the debtor’s location to another jurisdiction; or
(c) The expiration of 1 year after a transfer of collateral to a person who thereby becomes a debtor and is located in another jurisdiction.
Ch. 2001-198, § 3, at 1663, Laws of Fla. (codified at § 679.3161(1), Fla. Stat. (2014)).
*1255 The parties do not agree which subsection applies or even that the statute applies. Element argues that the guarantor was not a debtor and did not become one. Thus, Element argues that section 679.3161(1)(b) does not apply. The appellees argue that the guarantor was a debtor and, therefore, the four-month grace period found in subsection (1)(b) applies.
The trial court concluded that the guarantor was a debtor and applied the shorter four-month grace period. In its oral ruling, the court stated that it was “bound by the statutory authority in the U.C.C., and also bound by ... the case law in Gennet v. Fason,” 178 B.R. 888 (S.D. Fla. 1995), to conclude that the perfected lien was no longer valid due to “the four-month expiration period of the change in debtor’s location.” The four-month period in Gennet was based upon an earlier version of the U.C.C. and, at that time, Article 9 of the U.C.C. was “built upon the premise that filing with respect to goods should normally be at the place where the goods are located.” 4 James J. White et al., Uniform Commercial Code § 31:43. Pre-1999 Rules (6th ed.). However, the 2001 amendments were designed to “greatly diminish[] the possibility that the law governing perfection will change during a transaction,” Id. § 31:46, and the code now provides a one-year grace period when goods are brought to a new jurisdiction. § 679.3161(1)(c), Fla. Stat. (2014). Therefore, Gennet’s application of the then-four-month grace period after the goods were moved to the transferee jurisdiction is not relevant to the present situation.
The appellees also argue that the four-month grace period applies for a different reason: the guarantor’s relocation to Florida. To support their argument, they rely upon Burley v. Gelco Corp., 976 So.2d 97 (Fla. 5th DCA 2008), and Tropical Jewelers, Inc. v. Nationsbank, N.A. (S.), 781 So.2d 392 (Fla. 3d DCA 2000), both of which relate to the disposition of collateral and sections of the code not at issue in this appeal. In Tropical Jewelers, the Third District concluded that a guarantor’s waiver of the right to object to the disposition of collateral violated the anti-waiver provision of the U.C.C., § 679.504(3), Fla. Stat. (1995). 781 So.2d at 394. The Third District applied the definition of debtor in the code at that time which provided that a debtor was a “person who owes payment or other performance.” Id. (citing § 679.105(1)(d), Fla. Stat. (1995)). Because a guarantor is a person who owes “other performance,” the Third District concluded that the guarantor was a debtor. The court’s application of the then-existing definition of debtor to the statutory provision governing disposition of collateral is not persuasive in this appeal.
Burley is also distinguishable. As an initial matter, Burley involved a lease and, with limited exceptions, Article 2A of the U.C.C. governs lease agreements. The opinion does not explain why Article 9 was applied and the facts stated in the opinion do not implicate any of the limited exceptions that would require the application of Article 9. Regardless, the Burley court applied Article 9 and included a footnote stating that “Burley could properly seek the protections afforded by the U.C.C. because a guarantor is a debtor for Article 9 purposes.” 976 So.2d at 100 n.2 (citing Tropical Jewelers, Inc., 781 So.2d at 394). This footnote appears to be dicta. Burley dealt with the notification that must be given by a secured creditor prior to the disposition of collateral. Id. After Tropical Jewelers, but before Burley, the code was amended to significantly change the definition of debtor and to specifically require notice to a guarantor prior to disposition of collateral. See § 679,1021(1)(bb), (sss), (yyy), Fla. Stat. (2005); see also § 679.611(1), (2), Fla. Stat. (2005). Burley, *1256 the guarantor, was not entitled to notice because he was a debtor. He was entitled to notice because, since 2001, the code has specifically required notice to a secondary obligor such as a guarantor. See § 679.611, Fla. Stat. (2005).
While Tropical Jewelers and Burley are not persuasive for the disposition of this appeal, they are relevant to show the wrangling courts were required to perform in order to apply to the earlier definition of “debtor.” Until the 2001 amendments, it was “unclear whether a guarantor falls within the meaning of ‘debtor’ every time the word appears in Article 9 of the U.C.C.,” and the courts were required to “decide whether the term ‘debtor’ includes guarantors on a section-by-section basis.” Beth C. Housman, Guarantors as Debtors Under Uniform Commercial Code § 9-501(3), 56 Fordham L. Rev. 745, 747-48 (1988). Therefore, the code was amended to reduce the need for a close examination of the context in which the term debtor is used throughout every section of the code. See U.C.C. § 9-102 cmt. 2(a).
The code now defines a debtor as a “person having an interest, other than a security interest or other lien, in the collateral, whether or not the person is an obligor.” § 679.1021(1)(bb), Fla. Stat. (2014). Additionally, new defined terms such as secondary obligor and supporting obligation were added. § 679.1021(1)(sss), (yyy), Fla. Stat. (2014). Supporting obligations “cover the most common types of credit enhancements-suretyship obligations (including guarantees).” U.C.C. § 9-102 cmt. 5(f). Similarly, a person is a “secondary obligor if any portion of the obligation is secondary or if the obligor has a right of recourse against the debtor or another obligor with respect to an obligation secured by collateral.” See U.C.C. § 9-102 cmt. 2(a).
In this case, the guarantor is not a debtor for purposes of section 679.3161(1)(b), and the four-month grace period does not apply. We acknowledge that Element also argues that section 679.3161(1)(c) does not apply. Element states that the guarantor did not become a “new debtor” as that term is defined in the code. See § 679.1021(1)(ddd), Fla. Stat. (2014) (defining “new debtor”). However, section 679.3161(1)(c) does not require the person become a “new debtor,” but rather a “debtor.” And here, the guarantor became a debtor to the extent that he took possession of the secured property. See U.C.C. § 9-316 cmt. 2, ex. 4 (“[T]he application of subsection (a)(3) is not limited to transferees who are new debtors.”); 4 White et al., supra, § 31:46 (“A sale to a third party in another state constitutes a ‘transfer’ that ‘thereby’ makes the buyer a debtor ... located in another jurisdiction.”).
The plain language of the statute states that a perfected interest remains perfected until four months after the debtor moves to the new jurisdiction or one year after the secured goods are moved to the new jurisdiction. In this case, the debtor did not move. Instead, the guarantor moved with the secured property. When the guarantor moved the goods from California to Florida, the guarantor became a debtor for purposes of section 679.3161(1)(c) and triggered the one-year grace period found in that section. Therefore, the secured interest remained perfected until one year after the property was moved to Florida,
b. The Appellees Did Not Purchase From A Seller Which Created The Security Interest And, Therefore, Did Not Take The Bobcats Free of the Security Interest.
Next, we must determine whether the appellees purchased the goods free of the previously perfected security interest. *1257 The trial court found the appellees to be buyers in the ordinary course of business and, as a result, concluded that they took the goods free of Element’s security interest. There are, however, two requirements under the code for a purchaser to take an item free of a security interest.
Generally, a security interest remains attached to collateral unless an exception is found in Article 9 of the U.C.C. The exception applied by the court in this case states that “a buyer in ordinary course of business ... takes free of a security interest created by the buyer’s seller, even if the security interest is perfected and the buyer knows of its existence.” § 679.320(1), Fla. Stat. (2014). Accepting for purposes of this opinion the court’s conclusion that the appellees were buyers in the ordinary course of business, the appellees were still required to establish that the security interest was “created by the buyer’s seller.” Id.
The requirement that a secured interest be “created by the buyer’s seller” is unambiguous. A buyer takes the goods free of a security interest only if the security interest was “created by the buyer’s seller.” 4 White et al., supra, § 33:32 n.2 (citing JPMorgan Chase Bank, N.A. v. Jeffco Cinnaminson Corp., 77 U.C.C. Rep. Serv. 2d 254 (N.J. Super. Ct. App. Div. 2012); Leasing One Corp. v. Caterpillar Fin. Servs. Corp., 776 N.E.2d 408 (Ind. Ct. App. 2002); Martin Bros. Implement Co. v. Diepholz, 109 Ill.App.3d 283, 64 Ill.Dec. 768, 440 N.E.2d 320 (1982); Sec. Pac. Nat’l Bank v. Goodman, 24 Cal.App.3d 131, 100 Cal. Rptr. 763 (1972)).
To illustrate application of the phrase “created by the buyer’s seller,” White & Summers provide an example that is remarkably similar to the facts in the present appeal. Id. In the example, Mrs. Jones purchased a new vehicle and gave a security interest to Rao Bank. Subsequently, Mrs. Jones traded the vehicle in to Purka-yastha Motors without informing Rao Bank. Purkayastha Motors then sold the vehicle to Mr. Szot. After Mrs. Jones defaulted, Rao Bank sought to recover the vehicle from Mr. Szot. Even though Mr. Szot was a good faith purchaser who made a purchase in the ordinary course of business, the security interest was not created by his seller. Therefore, he did not qualify for the protection of section 679.320(1), and his interest in the vehicle was subordinate to that of Rao Bank. Id.
We reach the same result in this case. Here, the appellees did not purchase the Bobcats from the seller that created the security interest. While the appellees argue that the Florida seller, CM Global, Inc., was doing business as Inland Empire Distribution, Inc., that was not the entity which created the security interest. Inland Empire Distribution, LLC is a California limited liability company and Inland Empire Distribution, Inc. is a Nevada corporation. While the names are similar, the entities are different. In this case, Inland Empire Distribution, LLC purchased the Bobcats and Element financed the transaction. Just as they were in the example with Mr. Szot, the purchases in Florida were from separate persons or entities. Therefore, the security agreement was not created by the buyer’s seller and the appellees took the Bobcats subject to Element’s perfected security interest.
III. Conclusion
Pursuant to section 679.3161(1)(c), Florida Statutes (2014), Element’s security interest remained perfected for one-year after the secured goods were moved into Florida. Further, the appellees did not take the goods free of Empire’s perfected security interest. Section 679.320(1), Florida Statutes (2014), allows a buyer in the ordinary course of business to take the goods free of a security interest created by *1258 the buyer’s seller. In this case, the security interest was not created by the appellees’ seller and therefore appellees took the goods subject to the perfected security interest. Therefore, we reverse the court’s judgment and remand for entry of judgment in favor of Element.

Reversed and remanded with instructions.

Warner and Gerber, JJ., concur.