DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KAJAINE CAPITAL, INC.,** and **WORTH AVENUE CAPITAL II, LLC,**
Appellants,

v.

**DIANA L. ABOUZEID,** individually,
**DIANA L. ABOUZEID** and **ANDREW P. ABOUZEID, AS SUCCESSOR
CO-TRUSTEES OF THE GEORGE A. ABOUZEID REVOCABLE TRUST
DATED DECEMBER 28,1992, AS AMENDED, ANAND PATEL,** and
**11927 MAIDSTONE DRIVE, LLC,**
Appellees.

No. 4D2023-1525

[November 6, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Samantha Schosberg Feuer, Judge; L.T. Case No. 502018CA009808.

William H. Pincus, Melanie L. Campbell, and Zachary E. Pincus of Pincus & Currier LLP, West Palm Beach, for appellants.

Steven Ellison of Nelson Mullins Riley & Scarborough, West Palm Beach, for appellee Diana L. Abouzeid.

GROSS, J.

After the death of her husband, appellee Diana Abouzeid (the "widow") entered into business dealings with two companies owned or controlled by Anand Patel, a friend of her daughter. The two companies were appellants Kajaine Capital, Inc. ("Kajaine") and Worth Avenue Capital II, LLC ("Worth Avenue"). Kajaine and the widow each owned 50% of Worth Avenue, of which Kajaine was the sole managing member.

Unhappy with a $5.9 million offer she received on her Palm Beach home, the widow went into business with Patel and his companies. A written agreement basically provided that she would transfer ownership of her home to Worth Avenue; Worth Avenue would obtain a $4.3 million mortgage on the property, pay off a $2.3 million first mortgage, pay her $300,000, use at least $500,000 to renovate the Palm Beach property, and

sell it for a big profit that would be split evenly between her and Kajaine, after deducting for expenses.

The profit the widow expected did not materialize. She sued Worth Avenue and Kajaine for breach of contract and breach of fiduciary duty, and Patel for breach of fiduciary duty. One of the breaches claimed in the lawsuit was that the defendants had not used $500,000 to renovate the property as promised.

The case went to a jury trial. The jury found that Patel had not breached a fiduciary duty, but found Kajaine and Worth Avenue had both breached contractual and fiduciary duties. On the breach of contract claim, the circuit court entered judgment in favor of the widow and against Kajaine and Worth Avenue for $946,258.25. On the breach of fiduciary duty claim, the court entered judgment for $50,000 based on the jury's assessment of damages. The trial court also awarded the widow prejudgment interest and costs.

The trial court denied Kajaine's and Worth Avenue's post-trial motion to remit the damages for the breach of fiduciary duty claim to zero.

We affirm the judgment on the breach of contract claim without further discussion.

We reverse the $50,000 award for breach of fiduciary duty because the widow did not present any evidence that the breach of fiduciary duty caused any damages separate from the damages awardable for breach of contract.

"The purpose of an award of compensatory damages is to make the injured party whole, or to place him in the position in which he would have been had no wrongful act occurred." *Phillips v. Ostrer*, 481 So. 2d 1241, 1246 (Fla. 3d DCA 1985) (internal citation omitted). A "plaintiff may not recover damages twice for the same injury simply because she has two legal theories." *Coton v. Televised Visual X-Ography, Inc.*, 740 F. Supp. 2d 1299, 1313 (M.D. Fla. 2010) (citing *Indu Craft, Inc. v. Bank of Baroda*, 47 F.3d 490, 497 (2nd Cir. 1995)); *see also Besett v. Basnett*, 437 So. 2d 172, 173 (Fla. 2d DCA 1983). "[A] double recovery based on the same element of damages is prohibited." *Martinez v. Ascensores Servas, S.A.*, 89 So. 3d 956, 959 (Fla. 3d DCA 2012) (quoting *Montage Grp., Ltd. v. Athle–Tech Comput. Sys., Inc.*, 889 So. 2d 180, 199 (Fla. 2d DCA 2004)).

In this case, the complaint identified the same conduct as breaching both the contractual and fiduciary duties.

2

In the breach of contract count of the operative complaint, the widow alleged that Kajaine and Worth Avenue "materially breached their obligations under the Letter of [] Intent and the Operating Agreement" by:

- failing to renovate the Palm Beach property in a manner to allow optimization of its value in a market-based sale,
- failing to complete renovations of the Palm Beach property before the mortgage came due in September 2017,
- removing the Palm Beach property from the local multiple listing service,
- failing to re-list the Palm Beach property for sale with a local real estate broker and with the Multiple Listing Service,
- failing to entertain offers from clients of local real estate agents,
- selling the Palm Beach property at a below-market price in an off-market transaction to a business associate of Patel in order to avoid a mortgage foreclosure,
- failing to pay the widow the $400,000 payment due her after the refinance of the Palm Beach property, and
- failing to pay the widow the $2.5 million due her after the sale of the Palm Beach property.

In the breach of fiduciary duty count of the operative complaint, the widow made factual allegations identical to those in the breach of contract count.

At trial, the widow presented evidence that she was damaged by one-half of $1,892,516.50. The jury instructions on compensatory damages were the same for both of the breach of contract and the breach of fiduciary duty counts. The widow's attorney in closing argument argued only for damages based on a $1,893,316.50 figure.[1] He did not mention any separate item of damages that arose from the breach of fiduciary duty. During trial, the widow did not present any evidence of damages arising from the breach of fiduciary duty that was separate and different than the damages she sought for breach of contract.

*Bedoyan v. Samra*, 352 So. 3d 361 (Fla. 3d DCA 2022), demonstrates that a plaintiff may not recover twice for the same damages that arise from breach of fiduciary duty and breach of contract counts.

---

[1] There is an $800 difference between the figure used by the widow's attorney in his closing argument and the $1,892,516.50 figure used by the trial court because the court deducted an expense of $800, which the evidence showed was a security deposit for water service, when calculating damages.

In *Bedoyan*, Samra and Bedoyan were former business partners. *Id.* at 363. They entered into an oral partnership agreement to create two companies to run a jewelry business. *Id.*

Samra later sued Bedoyan for breach of their oral partnership agreement, breach of fiduciary duties, equitable accounting, and a statutory buyout claim. *Id.*

The case was bifurcated into two separate trials to determine liability and damages. *Id.* at 364. Regarding liability, the jury found in favor of Samra and found that Bedoyan breached the partnership agreement and his fiduciary duties. *Id.*

The trial court held a bench trial on the damages and awarded Samra damages from Bedoyan's breach of partnership agreement plus prejudgment interest. *Id.* The trial court, however, directed a verdict in favor of Bedoyan on the breach of fiduciary duty and equitable accounting claims at the close of Samra's case in chief on damages, finding that "there was no breach or damages for those claims separate and apart from the breach of contract." *Id.*

On Samra's cross-appeal of the directed verdict on his breach of fiduciary duty, the Third District affirmed because the contract and fiduciary duty claims involved the same damages. The court explained that because "Samra's allegation of breach of fiduciary duty was not independent from his allegation of breach of contract[,] the same conduct gave rise to both . . . , [and] there are no damages for breach of fiduciary duty separate and apart from the breach of the contract, . . . the trial court correctly directed a verdict against Samra on this issue." *Id.* at 366.

Here, because both of the widow's breach of contract and breach of fiduciary duty claims involved the same conduct, which gave rise to the same damages, the circuit court erred in denying appellants' motion for remittitur on the $50,000 breach of fiduciary duty damages.

We affirm the final judgment in all respects but one and remand to the circuit court to enter an amended final judgment omitting the $50,000 award for breach of fiduciary duty.

*Affirmed in part, reversed in part, and remanded with instructions.*

CIKLIN and KUNTZ, JJ., concur.

4

\*          \*          \*

*Not final until disposition of timely filed motion for rehearing.*